# Wytheville.

## COMBS v. COMMONWEALTH.

### JULY 22, 1897.

1. MISDEMEANORS—*Appeals from Justices—When Taken.*—Appeals from the decisions of justices of the peace in misdemeanor cases must be taken at the time of the rendition of the judgment appealed from. They cannot be taken afterwards.

Error to a judgment of the County Court of Wythe county, rendered June 27, 1897, affirming the judgment of a justice of the peace, whereby the plaintiff in error was convicted of a misdemeanor.

*Affirmed.*

The opinion states the case.

*J. J. A. Powell,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The plaintiff in error was tried before a justice of the peace of Wythe county on the 1st day of June, 1897, for selling a pint of whiskey to one William Stools, without a license. He was found guilty, sentenced to pay a fine of $100, and to confinement of sixty days in jail. He was committed to jail, and on the 11th day of June he applied to the justice before whom he was convicted for an appeal, which was granted. At the ensuing term of

the County Court of Wythe county, on June 24, the following order was entered:

"The Commonwealth, Pltf.
                    vs.
William Combs, Deft.

"On a warrant for selling whiskey, upon which an appeal was granted to this court.

"This day came the Attorney for the Commonwealth, and the defendant was brought into court by the jailor, and was represented by his counsel; and the matters of law and fact being submitted to the court, and having heard the evidence and the argument of counsel, it is the opinion of the court, and so ordered, on motion of the Attorney for the Commonwealth, that this appeal was granted by the justice trying the case at least nine days after the warrant and judgment endorsed thereon had been returned to the clerk's office of this court; it appearing to the court that no motion for an appeal was made at the time of the trial, nor any until the 11th day of June, 1897; to which action of the court the defendant excepted, and defendant is remanded to jail."

To this action of the court Combs tendered his bill of exceptions, and applied to the Judge of the Circuit Court for a writ of error, which was refused, and thereupon made application to this court, which was granted.

The question before us for decision is when, under section 4107 of the Code, an appeal may be allowed by a justice of the peace to a judgment rendered by him under section 4106.

Section 4106 provides: "The several police justices and justices of the peace, in addition to the jurisdiction exercised by them as conservators of the peace, shall have exclusive original jurisdiction of all misdemeanor cases occurring within their jurisdiction, in all of which cases the punishment may be the same as the county and corporation courts are authorized to

impose: provided that in any city in which there is a police justice the powers and jurisdiction conferred by this section shall not be exercised by any other justice of such city, except when acting for and in the stead of the police justice according to law. Each police justice and justice of the peace shall try, or procure some other justice to try, every misdemeanor case which is brought before him."

Sec. 4107 provides: "Any person convicted under the provisions of the preceding section shall have the right to appeal to the county, corporation, or hustings court; and shall, unless let to bail, be committed to jail by the justice until the next term of such court, and the witnesses recognized to appear at the same time. The justice shall return and file the papers with the clerk of the court, whether the appeal be applied for or not."

When this writ of error was applied for we were strongly inclined to the opinion that there was error in the judgment complained of, but subsequent reflection and investigation have satisfied us that the judgment of the County Court is right. Section 4107 confers upon the accused who has been convicted under the provisions of section 4106 a free and untrammelled right of appeal to the county, corporation, or hustings court, and it is then provided that the prisoner, "unless let to bail, shall be committed to jail by the justice until the next term of such court, and the witnesses recognized to appear at the same time." The duty imposed upon the justice who tries the case is mandatory. The prisoner shall have the right to appeal, and unless let to bail he shall then be committed to jail by the justice, and the witnesses shall be recognized to appear at the same time. The duty here imposed upon the justice would be incapable of performance except at the time of the rendition of the judgment appealed from. At no other time could he recognize the witnesses to appear at the next term of the court. After the trial is ended the witnesses disperse. They could be again summoned, it is true, but that would not answer the requirements of the statute. It is the duty of the justice to take their recognizance

for their appearance at the next term of the County Court at which the prisoner's appeal is to be heard.

The law may operate harshly perhaps, in some instances, but that is a consideration which addresses itself to the law-making power. It is for us to decide what the law is, and not to declare what the law ought to be. If the Legislature shall be of opinion that it needs amendment, it can introduce such changes as may be proper to protect the prisoner in his rights while not impairing the vigor and efficiency of a procedure which commends itself to public approval as an inexpensive, prompt, and summary manner of disposing of the inferior grades of offences against the laws of the Commonwealth.

We are of opinion that there is no error in the judgment complained of, and it is affirmed.

*Affirmed.*